89  575
110  128

## ELLER *v.* RICHARDSON.

### (*Nashville.* January 29, 1891.)

1. ABATEMENT, PLEA IN.  *Waiver of.*

   Plea in abatement averring want of jurisdiction of defendant's person is waived when, being properly filed before the Magistrate, it is not called to the attention of the Circuit Court after appeal before the trial on the merits had been commenced in that Court.

2. DEPOSITIONS.  *Amendment of defective caption and certificate.*

   After exceptions to depositions on account of defective caption and certificate had been sustained by the Clerk, and appeal taken from his action, the Court, on motion of one party and over the objection of the other, permitted the Commissioner who had taken the depositions to come into Court and amend the caption and certificate so as to conform to the facts, by the insertion of material statements that had been omitted.

   *Held:* This was "sound and correct practice."

   Cases cited and approved: Bewley *v.* Ottinger, 1 Heis., 355; Carter *v.* Ewing, 1 Tenn. Ch., 214.

3. SAME.  *Same.*  *By Justice of the Peace outside his county.*

   And such amendment may be made by a Justice of the Peace in a county other than that of his residence. It involves the exercise of no judicial function, but the performance of a ministerial act—the correction of a mere clerical omission.

4. ADMINISTRATOR.  *Proof of his appointment.*

   Where in a suit prosecuted by an administrator his appointment is denied by plea, the production of his letters makes a *prima facie* case in his favor, and is sufficient proof on his part in the absence of any countervailing evidence.

Eller *v.* Richardson.

5. SAME. *Appointment of cannot be collaterally attacked, when.*

Appointment of administrator cannot be attacked collaterally upon the ground that it was made by the County Court of a county other than that in which the deceased resided at the time of his death. With respect to the grant of letters of administration County Courts are Courts of superior and general jurisdiction, and their judgments are conclusively presumed to import absolute verity when called in question collaterally.

Cases cited and approved: Railway Co. *v.* Mahoney, *ante*, 311; Brien *v.* Hart, 6 Hum., 132; Johnson *v.* Gaines, 1 Cold., 289; Townsend *v.* Townsend, 4 Cold., 79; Williams *ex·parte*, 1 Lea, 530; Carr *v.* Lowe, 7 Heis., 93; Varnell *v.* Loague, 9 Lea, 158; Posey *v.* Eaton, 9 Lea, 504.

Cited and criticised: Wilson *v.* Frazier, 2 Hum., 31, 32.

Cited and distinguished: D'Arusment *v.* Jones, 4 Lea, 251.

6. SAME. *Same. Example of collateral attack.*

The attack upon an administrator's appointment is collateral, when it is made by plea, in a suit prosecuted by him, averring that his letters were issued by the County Court of a county other than that in which the deceased had his residence. Such plea is bad on demurrer.

7. SUPREME COURT PRACTICE. *Weight of finding of lower Court.*

In this Court the finding of the trial Judge upon the facts, where jury is waived, has the same weight as the verdict of a jury, and will not be reversed if there is *any material evidence* to support it.

Cases cited and approved: Folwell *v.* Laird, 12 Heis., 464; Mabry *v.* Memphis, 12 Heis., 539; Ins. Co. *v.* Hughes, 10 Lea, 462; Stanley *v.* Donoho, 16 Lea, 492; Smith *v.* Hubbard, 85 Tenn., 306.

---

FROM TROUSDALE.

---

Appeal in error from Circuit Court of Trousdale County. E. L. GARDENHIRE, Sp. J.

Eller *v.* Richardson.

JOHN S. McMURRY for Eller.

SWOPE & TURNER for Richardson.

CALDWELL, J. This is an action of debt before a Justice of the Peace of Trousdale County against a citizen of Macon County, on whom the warrant was served while temporarily in the former county. Judgment for plaintiff, and appeal to Circuit Court. Trial by Circuit Judge without a jury, and judgment again for plaintiff. Appeal in error, and assignment of errors by defendant below.

*First.*—The plea to the jurisdiction of the person, filed by the defendant before the Justice of the Peace, was waived by the failure of the defendant to bring it to the attention of the Circuit Judge until after the commencement of the trial and the introduction of all the plaintiff's proof and a part of the defendant's proof.

It was properly stricken out in the Court below, and cannot be relied on here for the reason just stated.

*Second.*—Three or four depositions were taken by the plaintiff before a Justice of the Peace in Smith County. These were excepted to by the defendant on account of the omission of certain important statements from the caption and certificate. The exception being sustained by the Clerk, appeal was taken to the Court.

At the trial term, on the motion of the plaintiff, he was permitted to bring the Justice of the

37—5 r

Peace before whom the depositions were taken into open Court, and there have him amend the caption and certificate *so as to show the real facts*, by inserting the statement that his residence, at which the depositions were taken, was "in Smith County, Tennessee," and that he was "not interested in the cause." The depositions were then admitted as evidence. All of this was done over the objection of the defendant.

It was sound and correct practice to permit the amendment to be made in the manner stated. *Bewley* v. *Ottinger*, 1 Heis., 355; *Carter* v. *Ewing*, 1 Tenn. Ch., 214. It prevented unnecessary delay, saved the cost of retaking the depositions, and worked no injury to the defendant.

The objection that the act of making the amendment was void because done out of the county in which the Justice of the Peace resided is not well taken. It was not the exercise of a judicial function on his part, but the performance of a purely ministerial act—the correction of a clerical omission, which he could make as well out of his county as in it.

*Third.*—Pending the appeal in the Circuit Court, Richardson, the plaintiff, died intestate, and the suit was revived and prosecuted to judgment in the name of Charles Swope, as his administrator. The defendant filed a written plea, denying that Swope had been appointed administrator, and issue was joined on the plea.

The trial Judge properly found the issue in

favor of the plaintiff. The letters of administration were at least *prima facie* evidence of the appointment; and, on the failure of the defendant to produce any contrary proof, the *prima facie* case of the plaintiff became conclusive.

*Fourth.*—Swope's letters of administration having been granted by the County Court of Trousdale County, the defendant filed a plea averring that they were void because Richardson did not reside in Trousdale County, but was a citizen of Smith County, and died there. This plea was stricken out, as on demurrer.

The action of the Court was right. The grant of letters of administration by the County Court of Trousdale County cannot be impeached in this case. The attack made by the plea is collateral and not direct. It is true that the County Court of the county in which the deceased resided (if he had a residence in but one county), was alone authorized to grant letters of administration upon his estate. Code, § 2203. But the place of his residence was a matter for the determination of the Court in which the application for letters was made. The letters in the present case were granted by the County Court of Trousdale County; hence, that Court must have found, as a matter of fact, that the decedent resided in that county. Its judgment is binding on all the world until reversed on direct attack—that is, on appeal or writ of error—before the proper appellate tribunal. With respect to the grant of letters

of administration, the County Courts of this State are courts of superior and general jurisdiction, and their judgments are conclusively presumed to import absolute *verity* when called in question collaterally. 6 Hum., 132; 1 Cold., 289; 4 Cold., 79; 1 Lea, 530; 7 Heis., 93, 94; 9 Lea 160; *Ib.*, 504; *Railway Co.* v. *Mahoney*, *ante*, 311.

Some of the language of the opinion on page 31, in *Wilson* v. *Frazier*, 2 Hum., seems to be in conflict with above authorities, but the *decision* made in that case is in accord. *Ib.*, 32.

Of course the rule is not applicable where letters of administration have been granted on the estate of a living person. *D'Arusment* v. *Jones*, 4 Lea, 251.

*Fifth.*—There was great conflict in the proof as to the account sued upon. The finding of the trial Judge has the same weight in this Court as the verdict of a jury, and will not be reversed on the facts if there is *any material evidence* to support it. 12 Heis., 464; *Ib.*, 539; 10 Lea, 462; 16 Lea, 492; 1 Pickle, 306.

In this case there is much material evidence, if not a preponderance, in favor of the finding.

Affirm with costs.