WOODALL *v.* FOSTER.

(*Nashville.* February 4, 1892.)

REAL ESTATE BROKERS. *Entitled to commissions, when.*

F., the owner of certain city lots, placed them in the hands of W., a real estate agent, to be sold on commission. W.'s right to make sale was not exclusive. F. sold the lots himself on the day he placed them in W.'s hands, but gave no notice of this fact to the agent. W., by reason of F.'s urgent needs, was induced to put forth "a vigorous and special effort" to effect a speedy sale, and accordingly found a satisfactory purchaser upon F.'s terms within three or four days after undertaking the sale, and without notice that F. had effected a prior sale.

*Held:* W. is entitled to the full commissions agreed upon for effecting a sale.

Cases cited: Cheatham *v.* Yarbrough, 90 Tenn., 77; Eller *v.* Richardson, 89 Tenn., 576.

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County. W. K. McALISTER, J.

E. A. PRICE for Woodall.

W. D. COVINGTON, C. C. SLAUGHTER for Foster.

CALDWELL, J. The plaintiffs are real estate agents, and as such they brought this action to recover the sum of $94.50 claimed to be due them, as commissions, from the defendants. The Circuit Judge tried the case without a jury, and rendered judgment for defendants.

Plaintiffs have appealed in error.

On September 6, 1890, defendants employed plaintiffs to sell certain lots of ground, situated on Addison Avenue, in West Nashville, at $14 per front foot. Being advised by defendants that they were in need of money and desired an early sale, plaintiffs promptly advertised the property, and put forth "a vigorous and special effort" to effect a speedy sale. Three or four days after their employment they procured a person who was ready, able, and willing to purchase the property at the price and on the terms directed by the defendants. On reporting this fact to the defendants, and requesting that all necessary papers be prepared and the sale completed, plaintiffs were informed, for the first time, that defendants themselves sold the property at $12.50 per front foot on the same day they listed it with plaintiffs.

These facts, which are undisputed, make a clear case of liability on the part of defendants. Plaintiffs complied fully with their part of the contract. They did every thing they undertook to do, and performed every act devolved upon them by law; hence, they were entitled to compensation for their labor, the same as if the trade negotiated by them

had been ultimately consummated. Its consummation was defeated by no default on their part, but alone by the voluntary act of defendants.

It is true the defendants had the right to sell the property themselves, as they did, and that the sale, rightfully made by them, necessarily prevented the completion of the subsequent sale put on foot by plaintiffs; but it by no means follows that plaintiffs were thereby deprived of their right to compensation. When defendants sold the property it became their duty to notify plaintiffs of that fact, and until that was done the contract relation between them continued.

After defendants sold their property they remained silent as to the fact of sale at their peril, so far as the plaintiffs were concerned. It would be unjust to permit the agent to go on in the work of his principal until he has accomplished all he was employed to do, and then tell him, when the labor was done and expense incurred, that he should receive no compensation, because the principal, though without notice to him, had by other means attained the desired end.

In *Cheatham* v. *Yarbrough*, 6 Pickle, 77 (S. C., 15 S. W. R., 1076), this Court said: "The just and well-settled rule of law requires that the agent shall be paid his compensation when he procures a purchaser who is acceptable to the principal, and who is ready, able, and willing to buy on the agreed terms, though in fact the sale be not consummated; provided its consummation is prevented

Woodall *v.* Foster.

by the fault, refusal, or defective title of the principal."

The doctrine of that case, which is sustained by the authorities, controls this one. In that case, as in this one, the agent did all that was incumbent upon him to do, and the sale was defeated without any fault on his part. There it failed on account of a defect in the principal's title, of which the agent had no knowledge; here it failed because the principal voluntarily conveyed his title to another person, pending the agency and without any notice to the agent.

Of the two cases, if there is any material difference between them, this is the stronger one for the agent; for in this case the principal divested himself of a good title after employing the agent, while in that one the principal was simply unfortunate in not having such title as the proposed purchaser would accept or could be required to take.

Plaintiffs contended below and insisted here that defendants gave them the *exclusive right*, for the period of eight days, to sell the lots. Defendants disputed that proposition, and evidence *pro* and *con* was introduced. The trial Judge found that no exclusive right of sale, for any length of time, was given to plaintiffs. That finding, upon a disputed question of fact, is conclusive in this Court, being of the same weight as the verdict of a jury, and having material evidence to support it. *Eller* v. *Richardson*, 5 Pickle, 576.

Woodall *v.* Foster.

Taking the facts to be as found by the trial Judge, we are of opinion that he erroneously applied the law.

Reverse, and enter judgment here for the plaintiffs.