# COWAN *v.* SINGER MANUFACTURING CO.

## (*Nashville.* March 9, 1893.)

1. SALE. *Transaction held to be a sale and not a lease.*

The transaction constitutes a conditional sale, and not a lease, where a sewing-machine company contracts a machine to a customer for a stipulated price, to be paid in installments, delivering the machine with intent that it should be his upon payment of the price agreed upon, but retaining the title to secure the payment thereof. And it is immaterial that the transaction is disguised by calling it a "lease," and providing that installments of purchase-price shall be paid "as rent." The substance, not the mere form of the transaction, will be regarded by the courts.

2. CONDITIONAL SALES. *Rights and remedies of parties upon purchaser's default.*

Since Acts 1889, Ch. 81, the purchaser of personalty, the title of which remains in the seller to secure the purchase-price, may recover of the seller the entire amount paid on the contract, without set-off or abatement for the use of the property, where, after the purchaser's default in meeting installments of the purchase-money, the seller retakes possession of the property in the lawful exercise of his rights under the contract, but thereafter treats and claims the property as his own, and fails to advertise and sell same, as authorized and required by said Act.

3. SUPREME COURT PRACTICE. *Weight of Judge's findings of fact.*

Doctrine re-affirmed that this Court will give the same weight to the trial Judge's finding of facts, in cases tried by him without jury, as to the verdict of a jury.

Cases cited and approved: Eller *v.* Richardson, 89 Tenn., 580; Sahlien *v.* Bank, 90 Tenn., 228.

4. SAME. *Proper judgment rendered here.*

Upon reversal of a law case tried by the Judge without jury, this Court

will ordinarily render final judgment without remanding to the lower Court.

## FROM RUTHERFORD.

Appeal from Circuit Court of Rutherford County. ROBERT CANTRELL, J.

B. F. LILLARD for Cowan.

P. P. MASON for Singer Manufacturing Co.

CALDWELL, J. This is an action of debt originating before a Magistrate, and afterwards tried, on appeal, in the Circuit Court by the presiding Judge without the intervention of a jury.

The plaintiff, Mary E. Cowan, claimed that she *purchased* a sewing - machine from the defendant, the Singer Manufacturing Company, at the price of $55, payable in small installments, and upon agreement that the legal title should remain in the defendant until the full consideration should be paid. She further claimed that, after she had paid $41.70 on the machine, the defendant regained possession of it, and appropriated it absolutely to its own use, without advertisement and sale, as required by law.

The suit was brought, and is prosecuted under Chapter 81 of the Acts of 1889, to recover the $41.70 claimed to have been paid on the machine.

The defendant admitted that it placed the ma-chine in the possession of the plaintiff, but in-sisted that she took it under a *lease*, whereby she bound herself to pay, "as rent," for the machine $55 in eighteen separate installments; and agreed that, in case of default in any one of such pay-ments, the *lease* should be deemed forfeited, at the election of the defendant, and the possession of the machine recoverable by the defendant without formal notice or process of law.

Though claiming that the contract was a *lease*, and not a *conditional sale*, the defendant admitted that "the machine was valued at $55," and that, had that amount been paid, "the machine, under the rules of the company, would belong to the plaintiff."

It was virtually agreed that the plaintiff kept the machine twenty-four months; that she did not pay all the installments, whether of purchase-money or rent, as they matured; that the defendant re-gained possession of the machine by action of re-plevin, and assumed the rights of absolute owner-ship without making advertisement or sale in any manner, and without agreement to waive a sale.

The defendant admitted the receipt from plaint-iff of $33.70 under the contract; but, by plea of set-off, claimed that plaintiff owed it $72 altogether for rent of the machine for twenty-four months, and that the plaintiff was therefore indebted to it, after repaying the $33.70, in the sum of $38.30, for which it sought judgment over.

Cowan *v.* Singer Manufacturing Co.

The trial Judge found, from the whole proof, that the contract between the parties was not a *lease*, but a *conditional sale*, with a reservation of the title by the defendant; that the plaintiff had paid $36.70 on the purchase-price of the machine; that upon default of further payments the defendant regained and retained possession of the machine under claim of ownership; and, finally, that $24 were reasonable compensation for the use of the machine while in plaintiff's possession.

Upon those findings of fact, the trial Judge was of opinion, and adjudged, that the plaintiff was entitled to recover of the defendant the $36.70 paid on the machine, less $24, allowed as a credit for its use by plaintiff.

Neither party being satisfied with that judgment, both of them appealed in error to this Court.

It is a familiar rule that the findings of fact by a Circuit Judge have the same weight in this Court as the verdict of a jury upon disputed questions, and that they will not be disturbed if supported by any material evidence. *Eller* v. *Richardson*, 89 Tenn., 580; *Sahlien* v. *Bank*, 90 Tenn., 228.

That rule need not be invoked in this case, however, for without it, and upon a full consideration of the evidence *de novo*, we would have no hesitancy in affirming the conclusions of fact announced by the trial Judge. The only material controversy in the record upon matters of fact is with respect to the nature of the contract under

which plaintiff received the machine. That contract is clearly shown, to have been a *conditional sale*, with retention of title, and not a *lease.* We would so hold upon the evidence of the defendant alone, though it makes a vigorous effort to support the theory of a lease. Whatever the defendant may have called it at the time, or may call it now, the transaction, from its very nature, could have been nothing more nor less than a conditional sale of the machine, with retention of title in the seller as security for the unpaid part of the purchase-price.

Such having been the contract, the case falls within, and is governed by, Chapter 81 .of the Acts of 1889.

So much of that statute as is applicable to the particular facts before us is as follows:

" That hereafter, when any personal property is sold upon condition that the title remain in the seller until that part of the consideration remaining unpaid is paid, it shall be the duty of said seller, having regained possession of said property because of the consideration remaining unpaid at maturity, to, within ten days after regaining said possession, advertise said property for sale, for cash, to the highest bidder, * * * [and] unless the debt is satisfied before the day of sale, then it shall be the duty of said original seller, or his agent, * * *' to offer for sale and sell said property as provided above, and with the proceeds of said sale satisfy the amount of his claim arising from

said conditional sale above mentioned, and the expenses of advertisement, if any, and the remainder of said proceeds, if any, he shall pay over to the original purchaser; *Provided*, The said original seller and purchaser may at any time, by agreement, waive the sale provided in this Act." Sec. 1.

"That should said property, at the sale provided by this Act, fail to realize a sufficient sum to satisfy the claim of the seller, the balance still remaining due on said claim shall be and continue a valid and legal indebtedness as against said original purchaser." Sec. 3.

"That should the seller, having regained possession of said property, fail to advertise and sell the same as provided by this Act (unless said sale is waived as provided), the original purchaser may recover from said seller that part of the consideration paid, in an action for the same before any Justice of the Peace or Court having jurisdiction of the amount." Sec. 4.

The object and intent of this statute are plain. By the words employed both seller and purchaser are recognized as having interests in the property contemplated, and by them provision is made for the full protection and enforcement of their respective rights.

The seller is interested to the extent of his unpaid debt against the property, and what is left after payment of that debt belongs to the purchaser. The seller is not allowed to regain the property, for which he has received a part of the

price, and, without more, hold it as his own, in disregard of the purchaser's interest, as the defendant in the case at bar attempted to do; but, having regained the property, he must sell it as provided in the first section of the Act, and, after retaining a sum sufficient to pay the balance due him on the price, and the expenses of the sale, pay the surplus, if any, to the original purchaser. If·he choose to hold the property without sale, or waiver of sale, as the defendant before us has done, then, under the fourth section, he becomes unconditionally liable to the purchaser for the full amount of the consideration paid. By disregarding the requirement of the first section, the seller's liability to the purchaser becomes absolute under the fourth section. In that ·case the seller will not be heard to dispute his liability for· the full amount received, or allowed to diminish it by any claim 'for use of the property while in the hands of the purchaser. The sale and delivery to the purchaser contemplate that he shall use the property as his own so long as he is not in default as to some deferred payment, and, in fact, until the seller shall seek to regain possession. That is his right under the law of his contract, and by its enjoyment he incurs no liability to the seller.

If the property should deteriorate in value while in the possession of the purchaser, the seller, upon recovering it, can protect himself by sale under the first section of the Act, and by suit under the third section for such balance of his

debt as may remain unpaid after the application of the proceeds of sale. At least that is the course pointed out to him by the plain terms of the Act, and he must follow it, or suffer the consequences of his failure to do so.

If he ignore the remedy thus expressly provided, and assume to be a law unto himself by appropriating the property as reclaimed and without a resale, he becomes bound to repay the purchaser the full amount received from him without abatement for use, or otherwise.

The *duty* of the original seller to resell the property upon reclamation by him *is positive*, and failure to perform that duty fixes upon him *absolute responsibility* to the purchaser for the purchase-money previously paid. Only *an agreement to waive* a resale will relieve him of the statutory duty of selling, and save him from liability for the money received.

There is no claim or proof of such an agreement in this case, hence there is no effectual defense to the plaintiff's action, in whole or in part. The fact that she used the machine for two years, and that its use for that period of time was reasonably worth $24, as found by the trial Judge, affords no ground for cross-action or set-off; for, from the nature of the contract under which she acquired possession, and as a matter of law, she was, as already stated, entitled to use the machine as her own property; and, for that use, she incurred no liability, either legal or equitable. It was error,

therefore, to charge her for the use, and thereby diminish her recovery by the amount of $24.

The case having been tried without a jury, this Court, upon reversal, will pronounce the judgment which the trial Judge should have rendered. *Glasgow* v. *Turner*, 91 Tenn., 167, and cases there cited.

Enter judgment in favor of the plaintiff and against the defendant for the sum of $36.70, with interest from the commencement of this action and costs of suit.