## ROBB *v.* CHERRY.

### (*Nashville.*　December ·23,　1896.)

1. SUPREME COURT. *Sustains judgment upon Judge's general find-ings, when.*

    A judgment pronounced by the Circuit Judge in general terms, and without any request for a specific written finding, will not be disturbed by this Court, if there is material evidence to support any theory upon which the judgment can be legitimately rested. (*Post, p. 75.*)

    Case cited and approved: Brooks *v.* Paper Co., 94 Tenn., 701.

2. DETINUE. *Maintainable, when.*

    Plaintiff in an action of detinue must have at the commencement of a suit a general or special property in the subject-matter· and the right to its immediate possession. (*Post, p. 76.*)

3. SAME. *Outstanding title a good defense.*

    Defendant in detinue may defeat the plaintiff's recovery by proof that the right of property and possession is outstanding in a third person. (*Post, pp. 76, 77.*)

    Cases cited and approved: McFerrin *v.* Perry, 1 Sneed, 313; Parham *v.* Riley, 4 Cold., 9; Collier *v.* Yearwood, 5 Bax., 581.

4. SAME. *Not maintainable, when.*

    Detinue will not lie against one who obtained possession of the property in a lawful manner, and has been guilty of no tortious conversion or wrongful detention, but who had, prior to the commencement of the action and before demand made, without knowledge of the plaintiff's claim, and in good faith, trans-ferred the property to another, and thereby lost possession ·and the right of control over it. (*Post, pp. 77–81.*)

    Cases cited and approved: Haley *v.* Rowan, 5 Yer., 301; Hunter *v.* Sevier, 7 Yer., 134; 41 Ala., 167; 39 Miss., 484; 10 Ired., 429.

5. ESTOPPEL. *Of mortgagor by act of his attorney.*

    A mortgagor whose attorney, after the foreclosure of the mort-gage, borrows the abstract of title furnished by her to the

Robb *v.* Cherry.

mortgagee from a purchaser of a portion of the land, with promise to return it, is estopped to assert title thereto in an action of replevin for its recovery. (*Post, pp. 77, 78.*)

6. ABSTRACT OF TITLE. *Goes to grantee.*

An abstract of title furnished by the owner of real property, with a view to its sale or mortgage, follows the title and becomes the property of the purchaser, as a part of his muniment of title, unless an express contract is made by the parties to the contrary. (*Post, pp. 77, 78.*)

---

FROM DAVIDSON.

---

Appeal in error from First Circuit Court of Davidson County.   J. W. BONNER, J.

J. P. HELMS for Robb.

A. N. GRISHAM for Cherry.

McALISTER, J.   This is an action of detinue to recover the possession of an abstract of title to real estate.   Defendant, Cherry, relies upon an outstanding title to the abstract in a third party, and he denies that at the date of the commencement of this action he was in actual or constructive possession of the abstract.   The facts disclosed in the record are that one Mrs. Myers was the owner of two lots, and applied to the plaintiff, the Guaranty Loan & Investment Company, of the city of Washington, for a loan of money.   Mrs. Myers furnished the company with an abstract of her title to both of said lots,

which proving satisfactory, the loan was made and
a deed of trust executed by Mrs. Myers on said
property. The abstract of title was prepared at the
instance of Mrs. Myers, who paid for its prepara-
tion. When the loan was negotiated with the com-
pany, and the deed of trust executed, the abstract
of title, along with the deed of trust, was trans-
mitted to the home office of the company, at Wash-
ington, by the resident attorney who had examined
the title and conducted the negotiations. Default was
made by Mrs. Myers in the payment of this loan at
maturity, and thereupon the deed of trust was fore-
closed. At the foreclosure sale the more valuable
lot, containing the residence, was bid in by the
company, while the vacant lot was purchased by Mrs.
Myers at a valuation of $500. Mrs. Myers, desir-
ing to exchange this lot for another lot belonging
to the Equitable Building & Loan Association, an-
other and distinct corporation from the Guaranty Sav-
ings, Loan & Investment Company, applied, through
her counsel, to the resident attorney of the latter
corporation for the abstract of title furnished by her
in the negotiations for the original loan. Resident
counsel accordingly procured said abstract from the
Guaranty Savings, Loan & Investment Company and
turned it over to the counsel of Mrs. Myers, upon
the promise of the latter to return it. Counsel for
Mrs. Myers, under instructions from the latter, turned
the abstract over to one J. M. Robb, who was act-
ing as agent for Mrs. Myers in this matter. When

the exchange of the two lots was finally concluded between Mrs. Myers and the Equitable Building & Loan Association, the abstract of title to the Myers lot, along with the deed, was turned over to said association. The Equitable Building & Loan Association, at a later date, transferred the Myers lot to one J. B. Haynie, and the abstract of title in question was passed to said purchaser. After the exchange had been made, and the whole matter was closed, counsel who had borrowed the abstract of title from the resident attorney of the Guaranty Savings, Loan & Investment Company, applied to J. M. Robb, to whom he had temporarily intrusted it, for its return, but the latter reported he had been unable to secure it from J. P. Cherry, the secretary of the Equitable Building & Loan Association, and thereupon the present action was brought by Robb, for the use of the Guaranty Savings, Loan & Investment Company, against J. P. Cherry, secretary of the Equitable Building & Loan Association, to recover the possession of said abstract of title.

The Circuit Judge, who tried the case without the assistance of a jury, pronounced judgment in favor of the defendant. There was no request made of the trial Judge for specific written findings, and the judgment was general. Hence, if there is any theory of the case supported by material evidence upon which the judgment may be rested, it will not be disturbed. *Brooks* v. *Paper Co.*, 10 Pick., 705.

The plaintiff in an action of detinue, as in the action of replevin, must have, at the commencement of his suit, a general or special property in the subject-matter, and the right to its immediate possession. It must be conceded that the Guaranty Savings, Loan & Investment Company was rightfully in possession of this abstract, and surrendered it temporarily to counsel for examination, upon the faith of his promise to return it. This depositary lost possession of it by no fault of the investment company. He turned it over to Robb, the agent of Mrs. Myers, for the purpose of facilitating the investigation of the title to the lot, in her negotiations with the Equitable Building & Loan Association. When that trade was concluded, the abstract passed into the hands of that association, without especial direction of anyone. The association, as already stated, sold the lot to Haynie and passed the abstract to him, so that, at the date of this suit, it was not in the possession of defendant, Cherry, either as an individual or as secretary of the Equitable Building & Loan Association.

The defendant insists that the title to the abstract is in Mrs. Myers, the proof showing that she procured it to be made, and paid for it. It will be observed that Mrs. Myers is not a party to this proceeding and is not asserting title to the abstract, directly or indirectly. It is well settled, however, that, in an action of replevin, the defendant may show that the right of property and possession is

outstanding in a third person, and thus defeat the plaintiff's recovery. *McFerrin* v. *Perry*, 1 Sneed, 313; *Parham* v. *Riley*, 4 Cold., 9; *Collier* v. *Yearwood*, 5 Bax., 581.

We cannot admit, however, that this record shows that the title and right to possession of the abstract was in Mrs. Myers. . When this lady made application to the Guaranty Savings, Loan & Investment Company for a loan upon the security of this real estate, it was agreed that she should furnish to the company an abstract for the purpose of examining the title. Mrs. Myers accordingly procured the abstract and paid for it as already stated. But, when the loan was negotiated and the deed of trust to the company executed, she permitted resident counsel to forward said abstract to the home office of the company in Washington. The abstract was permitted to remain in the possession of the company, without objection or claim of ownership on the part of Mrs. Myers, until after the foreclosure of the deed of trust, and she had again acquired title to the vacant lot. Desiring then to make a further disposition of said lot, and for the purpose of avoiding the cost of another abstract, Mrs. Myers requested her attorney to get the original abstract from the plaintiff company. It was finally delivered to her attorney upon the faith of his promise to become responsible for it and return it after he had finished the examination of the title. If Mrs. Myers were before the Court, asserting title to the abstract,

she would be estopped to assert it in this action by reason of the promise of her attorney to return it to the company. Moreover, the Court is of the opinion that when the owner of property, with a view to its sale or mortgage, furnishes an abstract of title, and the transaction is consummated, the abstract follows the title, and becomes the property of the purchaser as a part of his muniment of title, provided, of course, no express contract is made by the parties to the contrary.

The title and right of possession to the abstract being in the guaranty company, the next question presented by the record is whether it can maintain a suit against this defendant. The record discloses that at the commencement of this action, the defendant, Cherry, was not in possession of the abstract, either as an individual or as secretary of the Equitable Building & Loan Association. Cherry was not notified that the abstract was claimed by the guaranty company until after the sale of the lot and the delivery of the abstract to Haynie. It appears, moreover, that when the exchange was effected and the deeds passed, the resident attorney and the plaintiff, Robb, were both present at the Register's office, and no claim was made or notice given that the abstract belonged to the guaranty company. The abstract was handed to Cherry at the Register's office, and taken away by him along with the deed. He testifies that it was a part of the contract between Mrs. Myers and the Equitable

Building Association, that the former should furnish the association an abstract of title. Finally, this lot was sold by the association to Haynie, and the abstract passed to. him, without any notice of the claim of the guaranty company until after said sale and transfer. It is insisted by counsel for plaintiff in error, that want of possession of the abstract by defendant at the commencement of the action cannot defeat plaintiff's right of recovery, for the reason defendant admits he obtained the abstract and then gave it to Haynie, which fact, it is insisted, makes a conversion. Counsel, in support of his contention, cites the case of *Haley* v. *Rowan*, 5 Yer., 301, in which it was held that an action of detinue will lie against a person who has parted with the property sued for before demand made and suit brought. That, however, was a case of tortious conversion, as stated by this Court in the subsequent case of *Hunter* v. *Sevier*, 7 Yer., 134.

The warrant in the present case commands the defendant " to answer the complaint of J. M. Robb, for use, etc., in a plea of detinue for detaining one abstract of title, etc., and which defendant declines and refuses to surrender to plaintiff, and defendant has *unlawfully converted* said property to his own use without the authority of plaintiff, *which tort is hereby waived*, to plaintiff's damage."

The tortious conversion of the property having been expressly waived in the face of the warrant, it is difficult to perceive how the action can be

maintained against a party who has parted with the possession. "The action of detinue lies when it is sought to recover, not damages for the taking or detention of a personal chattel, but the chattel itself, with the damages for its detention. If the chattel cannot be returned, the plaintiff may recover its value, with damages for its detention." Shipman's Common Law Pleading, Sec. 20, p. 103. Says the same author: "It seems- that the action was originally deemed an action *ex contractu*, but now the wrongful detention is considered the gist of the action, and not the original taking. It lies against any person who has the actual possession of the chattel, whether he originally acquired such possession lawfully—as, by bailment, delivery, or finding—or tortiously—as, by fraud or trespass. If, however, the party has wrongfully and elusively sold and delivered, or otherwise disposed of the chattel to another, he remains liable." Shipman, p. 107.

In the sixth volume of the American & English Encyclopedia of Pleading and Practice, p. 652, note, it is said, viz.: "To entitle the plaintiff to recover in an action of detinue, he must show that the defendant, either at time of demand made, or, if no demand was made, at the time the writ was sued out, had the actual possession of or the controlling power over the property, unless, having the possession at some time anterior to such demand or suit, he has wrongfully, or to elude the plaintiff, parted with it, or unless he holds it under a contract of

Robb *v.* Cherry.

bailment, the terms of which he violates by failing to redeliver it." Citing *Walker* v. *Fenner*, 20 Ala., 192; *Foster* v. *Chamberlain*, 41 Ala., 167; *Davis* v. *Herndon*, 39 Miss., 484; *Foscue* v. *Eubank*, 10 Ired. (N. C.), 429.

The proof in this record shows that defendant obtained possession of the abstract in a lawful manner, and was guilty of no tortious conversion or wrongful detention of the property from the plaintiff, but, that prior to the commencement of this action, and before demand made, without knowledge of plaintiff's claim, and in good faith, he passed the abstract to Haynie, the subvendee, and thereby lost possession and all right of control over it. It is well settled, upon such a state of facts, the defendant is not liable in detinue for the value of the property. If, however, the action could be maintained, plaintiff has introduced no proof whatever to show the value of the property.

The judgment of the Circuit Court is affirmed.