## G. MADDOX et al., v. B. F. CONE.

Middle Section. January 29, 1926.

No Petition for Certiorari was filed.

1. Appeal and Error. Appellate court will not consider any ground for reversal or new trial that was not presented to trial court on motion for new trial.

Under Rule 11 of the rules of the Court of Appeals, error of trial court in charging the jury, misconduct of jurors, parties or counsel or other, assignment of error will be treated as waived unless specifically presented to trial court in motion for new trial.

2. **Appeal and Error. Finding of trial court not disturbed by appellate court if supported by any evidence.**

On appeal the finding of the trial court will not be disturbed if it is supported by any material evidence.

3. **Appeal and Error. Evidence weighed in favor of verdict.**

All conflicting evidence on appeal will be weighed in favor of successful party below.

4. **Pledges. Not necessary that property be delivered at time pledge is made.**

Where property is pledged, the delivery need not be made contemporaneously with the pledge, and, if made thereafter, it relates back to the date when the contract or pledge was made.

5. **Appeal and Error. Bill of Exceptions. Bill of exceptions must show affirmatively that it contains all of the evidence.**

When the bill of exceptions does not show affirmatively that it contains all of the evidence in the case, it will not be considered by the appellate court.

Appeal in error from Circuit Court of Rutherford County; Hon. Jno. E. Richardson, Judge.

Affirmed.

Wiseman & Knott, of Murfreesboro, for Maddox and Coleman, plaintiffs in error.

Holloway & Coffey, of Murfreesboro, for B. F. Cone, defendant in error.

FAW, P. J   This is a replevin suit. It was instituted before a Justice of the Peace of Rutherford county on December 5, 1924, by B. F. Cone against G. Maddox and O. B. Coleman, to recover the possession of "the entire cotton crop grown by Zenus Bryant."

The writ was executed by "delivering the property to the plaintiff," and summoning the defendants to appear for trial on a day named before the Justice of the Peace who issued the process. The Justice of the Peace gave judgment for the defendants and the plaintiff appealed to the circuit court of Rutherford county, where the case was tried before Judge Richardson, without a jury, and the court found the matters in controversy in favor of the plaintiff and against the defendants, and adjudged that plaintiff Cone recover of defendants Maddox and Coleman the possession of the cotton replevied in this case, and the costs of the cause. The judgment entry contained a further adjudication as follows: "This judgment is only that plaintiff is entitled to recover the possession of said cotton and is not to prejudice the rights of creditors of Tenas (Zenus) Bryant to reach any surplus of value in said cotton, the court being of opinion and holding that the so-called bill of sale of the cotton by Bryant to plaintiff was in reality a mortgage or pledge of the cotton instead of a lawful sale."

The defendants moved for a new trial, but their motion was overruled, and they excepted to the action of the court and prayed, ob-

tained and perfected an appeal (in error) to this court, and have assigned errors here as follows:

"(1)   It is respectfully insisted that the learned trial judge erred in holding that the plaintiff, B. F. Cone, was entitled to the possession of the cotton under the so-called bill of sale, which was by the court found to be a mortgage and not a lawful sale. The instrument held by the court to be in reality a mortgage was not acknowledged before a notary public or recorded in the Register's Office of Rutherford county, hence, as a matter of law, this so-called bill of sale, if genuine, and executed as contended by plaintiff, B. F. Cone, could confer no title in Cone to the property against the intervening rights of creditors who had attached said cotton or caused execution to be issued and levied on the same.

"(2)   It is insisted that the learned trial judge erred in holding that the plaintiff, B. F. Cone, was entitled to the possession of the cotton, because there was no evidence to support such finding and the evidence clearly preponderates against the finding of the court and in favor of the contention of the defendants, Maddox and Coleman."

For convenience, we will refer to B. F. Cone as plaintiff and to Maddox and Coleman as defendants.

The foregoing assignments of error must be restricted to the single proposition that there is no evidence to support the finding of the circuit court. This limitation upon the scope of the assignments of error results from sub-section five of the 11th Rule of this court, which provides that "error in the admission or exclusion of testimony, in charging a jury, or refusing further instructions, misconduct of jurors, parties or counsel; or other action occurring or committed on the trial of the case, or other ground upon which a new trial is sought, will not constitute a ground for reversal and a new trial, unless it affirmatively appear that the same was specifically stated in the motion made for a new trial in the lower court, and decided adversely to the plaintiff in error, but will be treated as waived; nor will any supposed matter in arrest of judgment be considered unless it appears that the same was specifically stated in a motion, seasonably made in the trial court, for that purpose, and held insufficient."   (151 Tenn. pp. 815-816).

The Supreme Court has substantially the same rule.   (126 Tenn. p. 723).

The motion for a new trial made in the circuit court is in these words:

"This day came the defendants, Guill Maddox and O. B. Coleman, and move the court for a new trial in this cause and for grounds therefor says:

First:   There is no evidence to support the finding of the court.

Second: The evidence preponderates against the findings of the court and in behalf of the contention of the defendants.

Third: There is no material evidence in the record upon which the court could predicate its findings; and

Fourth: The evidence does not, as a matter of law, show that the plaintiff is entitled to the possession of the cotton in question.''

The trial judge has a right to reconsider the case (on motion for a new trial) from the standpoint of the preponderance of the evidence; but, under established rules, it is neither the duty nor the privilege of the appellate court to weigh conflicting evidence or pass upon the credibility of witnesses. The general finding by the trial court in favor of the plaintiff has the same weight and effect as the verdict of a jury, rendered upon a proper charge, and will not be disturbed if it is supported by any material evidence. Weinstein v. Barrasso, 139 Tenn. 593, 595; Hinton v. Insurance Co., 110 Tenn. 113, 129; Stephens v. Mason, 99 Tenn. 512; Robb v. Cherry, 98 Tenn. 72, 75; Brooks v. Paper Co., 94 Tenn. 701, 705; Cowan v. Singer Mfg. Co., 92 Tenn. 376, 379; Woodall v. Foster, 91 Tenn. 195, 198; Eller v. Richardson, 89 Tenn. 575, 580; Smith v. Hubbard, 85 Tenn. 306, 309.

In such cases, this court must resolve all conflicts of evidence in favor of the party who was successful below, and give him the benefit of the strongest legitimate view of the testimony introduced in his behalf. Central Mfg. Co. v. Cotton, 108 Tenn. 63, 65. We repeat, therefore, that the sole question before us in this case is, whether there is any evidence to support the finding of the circuit court in favor of the plaintiff.

We have carefully read the entire record, and we are quite well satisfied that it contains evidence upon which the learned trial judge could have predicated his finding that the cotton in question had been lawfully pledged to plaintiff by Zenus Bryant and was in the possession of plaintiff (or Zenus Bryant as plaintiff's agent) at the time defendants procured the levy of process thereon, and that plaintiff was therefore entitled to sustain his action of replevin. (McClung v. Colwell, 107 Tenn. 592, 598-9; 21 R. C. L. p. 648, par. 13).

''It was not essential for the delivery to be made at the time of the contract, and the pledge took effect upon subsequent delivery made in performance of the contract.'' American Pig Iron Co. v. German, 126 Ala. 194, 85 Am. St. R. 21, 26. ''(Where property is pledged, the delivery need not be made contemporaneously with the pledge, and, if made thereafter, it relates back to the date when the contract or pledge was made).'' 21 R. C. L. p. 644; Garrison v. Vermont Mills, 154 N. C. 1, 31 L. R. A. N. S. 450, 454.

But the condition of the bill of exceptions in the instant case is such that, without regard to the evidence we find in the record, we

are bound to presume that there was sufficient evidence before the trial judge to support his findings. This is for the reason that it does not affirmatively appear that the bill of exceptions contains all the evidence heard by the trial court. There is a statement in the bill of exceptions, immediately following the plaintiff's evidence in chief, as follows: "This was all the testimony introduced in chief by plaintiff." And then, immediately following the statement just quoted, there is a recital that "the following testimony was introduced by defendant."

We do not think that it follows from the above quoted recitals that the bill of exceptions contains all the evidence.

Either of the reasons we have stated is sufficient to produce an affirmance of the judgment. The assignments of error are therefore overruled and the judgment of the circuit court is affirmed, and judgment will be entered accordingly. The costs of the appeal will be adjudged against the defendants Maddox and Coleman and the surety on their appeal bond.

Crownover and DeWitt, JJ., concur.