GLASGOW *v.* TURNER.

(*Nashville.* January 26, 1892.)

1. FRAUDULENT CONVEYANCE. *Farming contract between father and son held valid.*

A father, being very old and infirm, and having a large dependent family, but no property except a small farm and some live-stock, made a verbal contract with his son, a young man living in his family, that the latter should cultivate the farm for a year and out of the crop support the entire family and feed the live-stock and take the residue for his compensation. The father and a younger son gave some assistance in the cultivation of the crop, which yielded about one hundred barrels of corn, worth $200. There was no intentional fraud. ,The father's creditors sought to subject the corn crop to payment of their debts.

*Held*—The corn crop belonged to the son, charged with the support of the father's family, and that the father's creditors could not assert any claim to it.

Case cited and approved: Leslie *v.* Joyner, 2 Head, 515.

2. SUPREME COURT. *Renders final judgment upon reversal of law cause, when.*

Upon reversal of a law cause tried by the Circuit Judge without intervention of a jury, on the sole ground that there is no evidence to support the Judge's finding upon the facts, this Court will render final judgment in favor of the plaintiff in error.

Cases cited and approved: Smith *v.* Hubbard, 85 Tenn., 306; Singleton *v.* Wilson, 85 Tenn., 347; Settle *v.* Marlow, 12 Lea, 474.

---

FROM STEWART.

---

Appeal in error from Circuit Court of Stewart County. A. H. MUNFORD, J.

J. W. RICE for Glasgow.

J. W. STOUT and S. C. LEWIS for Turner.

CALDWELL, J. This is an action of replevin, involving the right to the possession of fifty barrels of corn. The Circuit Judge, trying the case without a jury, rendered judgment in favor of the defendant, and plaintiff appealed in error.

John Glasgow owned a small farm, some horses, cattle, and hogs in Stewart County. Being old, and having a large family dependent upon him, he placed the farm and live stock in charge of his son, C. A. Glasgow, in the spring of 1890, under a verbal agreement, whereby the son bound himself to cultivate the farm and support his father's family and feed the stock out of the crop raised, taking the residue as compensation for his labor.

The son was a young man, living in his father's family upon the farm.

In pursuance of the contract, the son, by his own labor and that of a hired hand, with some little voluntary assistance from his father and younger brother, cultivated a crop of corn, which yielded about one hundred barrels, worth two hundred dollars.

Such is the substance of the material facts, as detailed by the plaintiff, who was the only witness in the case.

A part of the corn is the subject-matter of

this litigation. Having been seized under execution against the father, the son brought this action, claiming the corn as his own.

The trial Judge was of opinion that the contract was fraudulent in fact and in law, and, as a consequence, adjudged the corn to be the property of the father, and subject to his debts.

In that view we cannot concur upon either ground. There is *no* evidence, not even an intimation or indication, direct or remote, of an *intention* to hinder, delay, or defraud creditors. Hence, the contract cannot properly be held to have been fraudulent in fact.

It is true, as contended by counsel of appellee, that the finding of the trial Judge upon the facts of the case is entitled to the same weight as the verdict of a jury; but neither is binding upon this Court, unless there be some material evidence to support it. *Eller* v. *Richardson,* 5 Pickle, 576.

As we have already seen, there is *no* evidence of a fraudulent intent in this case. Therefore, the finding of fraud in fact is without support, and cannot control the decision here to be made.

The other ground of the trial Judge's action involves a question of law; and upon that, as upon the facts, we cannot assent to his conclusion. The contract did not contravene any rule of law or public policy. Consequently, it could not have been fraudulent in law.

In our judgment, a more natural, fair, and honest arrangement could not have been made by par-

ties situated as these were. John Glasgow was under obligation, both legal and moral, to provide a support for his family; yet he was unable to do so by his own labor. It was allowable for him to make any *bona fide* use or disposition of his property for that purpose. He might lawfully have sold a sufficiency of his property and lived upon its proceeds; but instead of that he let the temporary use of his farm and stock to his son, and thereby gained a support for himself and family without any appreciable diminution of his estate. In that way he preserved the *corpus* of his estate, which otherwise must have been encroached upon; and by an honest arrangement actually benefited instead of injuring the creditor.

It is apparent from the crop produced that the plaintiff was shown no great favor by the contract. Indeed, it is to be doubted that one occupying a different relation would have entered into an arrangement with so little promise of compensation for the labor to be performed.

Left in idleness, the farm could have yielded nothing. The old gentleman was not able to cultivate it himself, and thereby save the small surplus of the crop for his estate. Had he been able but unwilling, that would have furnished no ground for legal complaint, for a debtor cannot, under our law, be coerced to work for the benefit of his creditor.

Again, no property of the debtor was incumbered, covered up, or placed beyond the reach of

the creditor by this contract. No title to any thing except the crop to be raised was attempted to be passed to the plaintiff. Such of the land and live stock, if any, as may have been subject to the claim of creditors when the contract was made remained in the same attitude after it was made.

Good morals, law, and public policy alike commend such contracts under such circumstances.

A farming contract between father and son, very much like the one before us, was upheld and enforced by this Court in the case of *Leslie* v. *Joyner*, 2 Head, 515.

All the corn belonged to the plaintiff, charged with the support of the family of his father. It was in no sense subject to levy for the father's debt.

The case having been tried by the Circuit Judge without the intervention of a jury, this Court, upon reversal, directs such judgment as he should have rendered. *Smith* v. *Hubbard*, 1 Pickle, 306; *Singleton* v. *Wilson*, *Ib.*, 347; *Settle* v. *Marlow*, 12 Lea, 474.

Reverse and enter judgment for plaintiff.