## STEPHENS v. MASON.

*(Knoxville.    October  9,  1897.)*

1. SUPREME COURT.   *Will not reverse finding of Circuit Judge, when.*
   This Court will not reverse findings of fact by a Circuit Judge upon conflicting evidence in a nonjury case, if there is any evidence to support them.   (*Post, p. 513.*)

   Cases cited and approved: Smith v. Hubbard, 85 Tenn., 306; Eller v. Richardson, 89 Tenn., 576; Kirkpatrick v. Jenkins, 97 Tenn., 85.

2. SAME.   *Errors in special finding.*
   The errors in a special finding of the Circuit Judge will not be considered in this Court to impeach the judgment of the lower Court, unless such finding was had in compliance with a request made in advance of the Court's decision.   (*Post, pp. 513, 514.*)

   Code construed: § 4684 (S.); § 3673 (M. & V.); § 2959 (T. & S.).

   Cases cited and approved: Stanley v. Donoho, 16 Lea, 493; Brooks v. Paper Co., 94 Tenn., 705.

---

FROM ANDERSON.

---

Appeal  in  error  from  Circuit  Court  of  Anderson County.    W. R. HICKS, J.

J. R. BURNETT and E. E. HOUK for Stephens.

C. J. SAWYER and X. Z. HICKS for Mason.

CALDWELL, J. Mason brought this suit against Stephens and Johnson on a promissory note executed for the price of a horse. The defendants pleaded breach of warranty as to working qualities of the animal sold, fraudulent alteration of the note, and set-off. The Circuit Judge, hearing the case without a jury, rendered a judgment against the defendant for the amount of the note, with interest, less five dollars allowed as set-off. The defendants appealed in error.

There was conflicting evidence in respect of all the matters of defense presented, consequently, the finding of the trial Judge is conclusive. The general finding of a Circuit Judge, sitting without a jury, like the verdict of a jury in civil cases, will not be disturbed in this Court if there is any evidence to support it. *Smith* v. *Hubbard*, 85 Tenn., 306; *Eller* v. *Richardson*, 97 Tenn., 576; *Kirkpatrick* v. *Jenkins*, 97 Tenn., 85. But it is said that there is a special finding in this case, and that, from the facts found by the Court, a different judgment should have been pronounced. The statute provides that, "Upon a trial of a question of fact by the Court, the decision, if requested by either party, shall be given in writing, stating the facts found, and the conclusions thereon, which shall constitute a part of the record." Code, § 2959; M. & V., § 3673; Shann., § 4684. This statute was intended to preserve, at large, the views of the trial Judge as to the facts and law of the case, and is mandatory when the request is made in advance of the decision. *Stanley* v. *Donoho*, 16 Lea, 493.

15 P—33

It has long been the practice of this Court to disregard such finding, and treat it as no part of the record, unless it appears to have been requested before the decision. The finding here copied into the transcript recites, in its introductory sentence, that it was requested "after judgment," hence it cannot be made the basis of an assignment of error, or the ground of an attack on the judgment. In this case, therefore, as in that of a special finding, without a request at any time (*Brooks* v. *Paper Co.*, 94 Tenn., 705), the judgment rendered must be treated as a general verdict upon a correct charge of the law. It would be well for requests for special findings to be made at the commencement of the trial.

Affirmed.