McHale *v.* Wellman.

McHALE *v.* WELLMAN.

*(Jackson.*   May 21, 1898.)

1. CIRCUIT COURT.   *Findings by Judge.*

The statutory requirement that the Judge shall, if requested by either party, render his decision "in writing, stating the facts found and conclusions thereon," is imperative, and a failure to comply therewith is reversible error.   *(Post, pp. 151, 152.)*

Code construed: § 4684 (S.); § 3673 (M. & V.); § 2959 (T. & S.).

Case cited and approved: Stanley *v.* Donoho, 16 Lea, 495.

2. SAME.   *Same.*

A general finding, though in writing, is insufficient under the statute.   The finding should consist of a concise and distinct written statement, in its proper order, of each material fact, separate from the general conclusions of law or fact drawn by the trial Judge.   *(Post, p. 153.)*

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County.   L. H. ESTES, J.

J. H. MALONE for McHale.

RALPH DAVIS and H. F. DIX for Wellman.

WILKES, J.   This is an action of replevin for the race horse, Johnnie McHale.   The case was tried before the Judge without a jury, and there was a judgment for the defendant, Rosa Wellman, for the horse.   The Court fixed the value of the horse at

McHale *v.* Wellman.

$1,500, and on this sum computed interest, $115.75, from the date suit was brought to time of trial, and fixed the damages for detention at $100, making a total of $1,715.75, for which an alternative judgment was rendered if the horse was not returned. There was a demand, properly made under the statute (Shannon, § 4684), for a finding of facts and conclusions by the trial Judge, to which he assented, and there was a written finding by him. So much of it as is material is as follows:

"The evidence in the case is exceedingly conflicting, but the law imposes on plaintiff the burden of making out his case by a preponderance of evidence. This he has failed to do. The Court finds that defendant, Rosa Wellman, is the owner of, and entitled to the possession of, the race horse, Johnnie McHale, and at the time of bringing this suit he was worth $1,500; that Wellman, on December 27, 1894, made an agreement of partnership with plaintiff, McHale, to run Stonewall and Johnnie McHale, which was subject to be vacated at any time; that the plaintiff, McHale, has failed to keep an itemized account, but has charged at the rate of $7.42 per day for the horse; that no actual damages have been proven except winnings—which the evidence indicates were $100—from the New Orleans races; and that the Court gives this $100 as damages, but allows nothing for damages since November 25, 1895, the date of suit, or from the fall races at St. Louis, in 1895.     L. H. ESTES, *Judge.*"

Appellant, McHale, excepted to the finding, and moved for additional findings, upon the ground that the memorandum filed by the trial Judge does not comply with the statute; that no . facts were stated bearing upon the question of the owner-ship of the horse, which was the vital point in the case; that the Judge merely stated his con-clusions of fact and law; that the evidence did not sustain the claim of McHale; that the burden of proof was upon him; and that, in fact, it was nothing more than a general finding.

We are of opinion there is error in the proceedings of the learned trial Judge. There were many facts pro and con, and it was only by weighing and comparing them that a conclusion could be reached. But there is no attempt here to set out these facts nor the contentions thereon, but a simple finding that the plaintiff had failed to make out his case. In. the motion made, many of these facts were set out, and the Court was asked to find on each of fourteen separate contentions and differences between the parties. The Court declined to make any further finding of facts, and, after trial on the merits, overruled a motion for a new trial, and plaintiff appealed. Defendant also filed the record on writ of error as to the question of damages.

The statute (Shannon, § 4684) says: "Upon the trial of a question of fact by the Court, the decis-ion, if requested by either party, shall be given in writing, stating· the facts found and conclusions

McHale *v.* Wellman.

thereon, which shall constitute a part of the record.'' This statute is imperative, and the Court's failure to comply with it is ground for reversal. *Stanley* v. *Donoho*, 16 Lea, 495.

These findings should consist of a concise and distinct written statement, in its proper order, of each specific fact found, separate from the general conclusion of law or fact drawn by the trial Judge. Only ultimate or controlling facts need be found, and not the evidence upon which they are based. Counsel cannot dictate to the Court what facts shall be found, nor is he required to do so, but if none are found, or they are so defectively found as not to be a substantial compliance with the statute, the party deprived of the finding is entitled to a reversal. See upon the general subject, 2 Elliott's Gen. Prac., Secs. 969–71, 974, 980; 20 Am. & Eng. Enc. L., 698; 8 Am. & Eng. Enc. Prac., 934, 935, 939, 941, 950, and various cases there cited.

There being no substantial compliance with the statute in this case, the judgment of the Court below must be reversed, and the cause remanded for a new trial. Appellee will pay costs of appeal. Costs of Court below will await final adjudication by the Court below.