GUY LITTLE, et al. v. VIRGINIA C. ROSSER.

Eastern Section. March 3, 1928.

Hamby & Ziegler, of Chattanooga, for plaintiff in error.
Harry R. Hays, of Chattanooga, for defendant in error.

THOMPSON, J. The plaintiff below, Virginia C. Rosser, sued the defendants before a Justice of the Peace to recover $210 rent for a building which she had leased to them. The Justice of the Peace rendered judgment in her favor for $210 and court costs, and they appealed to the circuit court, where they filed pleas as follows:

"Come the defendants and for plea to the cause of action set out in the writ in the above cause, say:

"First:—They are not indebted to the plaintiff in the sum of $210, nor in any other amount.

"Second:—They admit the execution of the lease as set out in the said writ of summons but aver that on or about the 15th day of July, 1925, the same was terminated by mutual oral agreement of themselves and the lessor and for a valuable consideration.

"Third:—That for a valuable consideration they offered to surrender, and did surrender the premises described in said lease for the unexpired portion thereof, and that the plaintiff accepted the surrender of said premises in accordance with said offer and thereafter treated the premises as her own."

The case was tried in the circuit court without the intervention of a jury and judgment was rendered in favor of the plaintiff for $90, and court costs. From this judgment the defendants have appealed to this court and have assigned error.

On September 8, 1923, the plaintiff leased to the defendants a brick-store house in Chattanooga for a term of three years, beginning September 15, 1923, and expiring September 15, 1926, and at a

monthly rental of $30, payable in advance. The defendants moved into the building and ran a meat market in it until January 1, 1925, at which time they moved out and removed their said meat market to another building a block or so away and which did not belong to. plaintiff. They continued paying rent to plaintiff up to the first of July, 1925, the last payment being made on June 15, 1925, and covering rent to July 1, 1925.

The building of plaintiff remained vacant until about January 1, 1926, at which time she sold it to some third party. On November 18, 1926, she brought this suit to recover $210 rent from July 1, 1925, to January 1, 1926, i. e., seven months at $30 per month.

In the circuit court one of the defendants, Guy Little, testified for the defendants that about June 15, 1925, he made an agreement with the plaintiff that the defendants would repair and replace certain window glass, etc., in her building and surrender the keys to her and terminate the lease, and that all of this was immediately done. Except as to the date of this agreement he was corroborated by the defendants' witness, Jim Smith. Little also testified that thereafter the plaintiff never made any further demands for the payment of rent, and that the defendants did not know that she was claiming any further rents until her attorney notified them of her claim just before the institution of this suit. Plaintiff admitted that she made no demands for the payment of the rent, but said that she thought it was not necessary for her to do so. She denied making the agreement terminating the lease; that is, to use the language of the bill of exceptions, which however was reduced to narrative form, she testified as follows: "I do not remember any conversation with him (Guy Little) with reference to releasing him from the lease on the building. If I had any such conversation with him I don't recall it. . . 1 remember nothing of the conversation with Mr. Little about cancelling the lease." .

We think it proper to state here that although the defendants filed a bill of exceptions they did not file a motion for a new trial. The bill of exceptions contains the following:

"Before the trial of the case, the defendants requested the court to give a written finding of the facts together with his conclusions of law thereon. His Honor, the Circuit Judge, in compliance with this request filed his opinion in words as follows:

" 'In this case, the facts are:

" '1. On September 8, 1923, plaintiff leased to the defendants for a term of three years, a brick-store room on the corner of 12th and Fairview avenue, in Chattanooga, for $30 per month, payable in advance. The lease is in the ordinary printed form, with blanks filled in and is filed as an exhibit in the case. It provides, among other things, that the defendants shall keep the building in repair at their own expense.

" 'Defendant went into possession of the premises and occupied same continuously until January, 1925 when they vacated. During this time the rent stipulated was paid, and the defendants continued to pay rent and did pay rent up to July 1, 1925, when they under-took to surrender the property to the plaintiff. From then on they did not pay rent, and in January, 1926, plaintiff, sold the property. On November 18, 1926, she brought suit before a Justice of the Peace to recover the sum of $210, being the amount alleged to be due as rent from July to January, at $30 per month. The defendants claim the lease was terminated by mutual agreement in July, 1925, and that plaintiff accepted the surrender and thereafter treated the premises as her own.

" 'There is a conflict in the evidence as to the agreement to surrender, but the preponderance of the evidence tends 'to show that the agreement was made, but as a matter of fact it was not made at the time alleged in the defendants' plea. On the contrary the evidence shows, and the court finds as a fact, that the agreement to surrender was made sometime in September, 1925, after the rent for the month of September became due and payable. Plaintiff will therefore be entitled to recover for only three months' rent, at the rate of $30 per month, and judgment will be entered in favor of plaintiff and against defendants for $90, and costs of suit.

" 'January 23, 1926.                    Yarnell, J.' ''

"The defendants thereupon filed objections to said alleged finding of facts and also filed a motion for additional findings in words as follows:

" 'In this cause, the defendants object to the finding of facts heretofore filed by the court on the following grounds, to-wit:

" 'First:—That the paper purporting to be the court's finding of facts is not captioned and is not made a part of the record.

" 'Second:—That the alleged finding of facts is not a substantial compliance with section 4684 of Shannon's Code in that it fails to set out the various finding of facts separately and clearly and does not state the court's conclusions as to the law.

" 'Third:—That the purported finding does not show that the request was made before the beginning of the trial of the cause, nor does it show by whom it was made, that is, by the plaintiff or the defendant.

" 'Fourth:—That the alleged finding of facts is wholly insufficient on which to base a judgment.

" 'The defendants now move the court to correct the errors and defects above pointed out; and also move the court to find certain additional facts, as follows:—

" 'First:—That on or about June 15, 1925, an oral agreement was entered into between plaintiff and these defendants whereby the unexpired portion of the lease was to be surrendered to the plaintiff

and these defendants were to be released from further liability thereon. This request is based on the testimony of Guy Little and Virginia C. Rosser; also the testimony of Jim Smith.

" 'Second:—That after July 4, 1925, the date to which defendants had paid their rent, the plaintiff, Virginia C. Rosser, made no demand whatever on the defendants for rent to the date of the filing of this suit in November, 1926. This request is based on the testimony of Guy Little and Virginia C. Rosser.

" 'Third:—That in January, 1926, the plaintiff, Virginia C. Rosser, sold the premises described in the lease on which this suit is based.

" 'Hamby & Ziegler, attorneys for defendants.' "

"The court overruled the defendants' objections and their motion for additional finding of facts, to which action of the court, the defendants then and there excepted and now except and tender this, their bill of exceptions, to said action of the court in overruling their motion, which is signed and made a part of the record," etc.

In this court only one assignment of error was made. It is as follows:

"The court erred in overruling defendants' objections to the alleged finding of facts and conclusions of law thereon, their motion to correct same, and their motion to find additional facts."

Taking up separately the grounds of the objection to the court's finding of facts which the defendants filed in the court below: We do not think the first ground was well taken. It was not indispensible that the finding be captioned. It was signed by the trial judge and was filed in the cause.

Neither do we think the second ground was well taken. It was not necessary that each fact be set out in a separate paragraph. We think the facts were clearly stated and that the court's conclusions of law were sufficiently set out.

The third ground is not well taken because it was not necessary that the finding itself show at whose request it was made. The record shows that it was made at the request of the defendants. The bill of exceptions expressly states that before the trial the defendants requested the finding, and that said finding was made in response to this request.

The fourth ground was not well taken because the finding was sufficient to base a judgment upon.

Taking up separately the grounds of the defendants' motion for additional findings:

We will pretermit for the present the first ground.

The second ground does not reach a vital or particularly material fact. The judgment of the trial court covered only three months' rent, i. e., July, August and September, 1925, and the fact that the

plaintiff did not make any demands for rent after July 1, 1925, would not have changed the result or conclusion of the trial court on the other facts found by him, particularly as plaintiff testified that she did not think it was necessary for her to demand the payment of the rent.

The third ground is not well taken because the trial judge did find that plaintiff sold the building in January, 1926. Moreover, as stated, the judgment only covered rent during July, August and September, 1925.

Returning now to the first ground of the motion for additional findings. It is as follows:

"That on or about June 15, 1925, an oral agreement was entered into between plaintiff and these defendants whereby the unexpired portion of the lease was to be surrendered to the plaintiff and these defendants were to be released from further liability thereon."

The trial judge found that the agreement was made, but that it was not made until in September, 1925. His finding that it was made was amply supported by the evidence because Guy Little and Jim Smith both so testified. But Little testified that it was made on or about June 15, 1925, and if the trial judge had found in accordance with this testimony there would have been no liability upon the part of the defendants as they had paid rent to July 1, 1925, and the agreement was supported by a valuable consideration not only because of the replacement of the glass but also because of the surrender of the keys, etc., which cut the defendants off from protecting themselves by subletting the building.

But the only testimony in the record tending to support the trial court's finding that the agreement was not made until September, 1925, is that of the witness Jim Smith. The bill of exceptions was reduced to narrative form, and we quote Jim Smith's testimony, as it is shown by the bill of exceptions, in full as follows:

"I remember when Miss Rosser came into the store and talked to Mr. Little about taking back the building and cancelling his lease. She said that if he would replace some window lights that had been broken out, she would take the building back. *I don't recall the date but it might have been in September,* 1925. It was in the afternoon. I was standing over behind the meat block. Mr. Little was behind the counter and Miss Rosser was standing in the middle of the store. She told Mr. Little that if he would replace these lights she would cancel the balance of the lease."

The italic words constitute the only evidence in the record tending to support the finding of the trial court that the agreement was not made until September, 1925. We, therefore, think there was no material evidence to support said finding. And without said finding there should have been no judgment rendered against the defendants.

But the defendants having made no motion for a new trial, are they in position to make the question? The plaintiff insists that in order to challenge in an appellate court a finding of fact of a trial court upon the ground that there was no material evidence to support it, it is necessary that a bill of exceptions containing all the evidence be filed in the trial court, and that wherever a bill of exceptions is necessary a motion for a new trial is also necessary. And further, that in the case at bar the defendant's motion to find that the agreement was made on June 15, 1925, did not take the place of a motion for a new trial, was not a substitute therefor, and did not cure the defect of the defendants' failure to file a motion for a new trial.

In the case at bar the finding having been requested before the trial, it was, of course, made pursuant to Shannon's Code, section 4684, and the cases construing this section are as follows: Stanley v. Donoho, 16 Lea, 495; Parham v. Gibbs, 16 Lea, 296; Stephens v. Mason, 15 Pickle, 513, 42 S. W., 143; McHale v. Wellman, 17 Pickle, 153, 46 S. W., 448; Hinton v. Insurance Co., 2 Cates, 113, 72 S. W., 118; Railroad v. Foster, 4 Cates, 345, 80 S. W., 585; Property Co. v. Nashville, 6 Cates, 213, 84 S. W., 810; Nance v. Smyth, 10 Cates, 349, 99 S. W., 698; Rogers v. Ayers, 11 Cates, 340, 104 S. W., 521; Railroad v. Price, 17 Cates, 649, 148 S. W., 219; Insurance Co. v. Witherspoon, 19 Cates, 368, 155 S. W., 139.

These cases establish that the finding when properly requested and filed, etc., becomes a part of the record and the appellate court, without a bill of exceptions having been filed, will review the questions of law arising on the facts set out in the finding. Ins. Co. v. Witherspoon, supra; Railroad v. Foster, supra. In the first of these cases the opinion relates that a motion for a new trial was filed, but in the latter, i. e., the Foster case, the opinion makes no mention of a motion for a new trial having been filed. But neither of these cases are particularly applicable to the cause at bar because there is no error of law in the conclusion which the trial court drew from the facts as he found them.

Some of the above-styled cases establish that where the question is sought to be made that there was no evidence to support the findings or some part or parts thereof, or that the court failed to find material facts, or that the findings were not sufficiently responsive, etc., a bill of exceptions is necessary in order to enable an appellate court to review the questions. Hinton v. Insurance Co., supra; Railroad v. Foster, supra. In the Hinton case the opinion shows that there was a motion for a new trial.

Some of the cases establish that it is the proper practice to file exceptions to the findings or to move for additional findings. McHale v. Wellman, supra. There was a motion for a new trial in the Wellman case.

312

As stated, in some of the cases the opinions fail to show that a motion for a new trial was filed, but in no case which we have found does it affirmatively appear that a motion for a new trial was not filed, and in our opinion it is the better practice to require the filing of the motion for a new trial, particularly in cases where a bill of exceptions is required in order to enable the appellate courts to review the questions relied upon for reversal. And we think this is true although exceptions may have been filed to the finding and a motion may have been filed for other findings, etc.

For the foregoing reasons, we must hold in the case at bar that although the defendants filed exceptions to the finding and moved the court to find that the agreement was made on June 15, 1925, yet because no motion for a new trial was filed the case must be affirmed regardless of the fact that we think that the finding that the agreement was not made until September, 1925, which was determinative of the case, was not supported by any material evidence.

An order will, therefore, be entered affirming the judgment of the court below and adjudging the costs of the appeal against the appellants and the sureties on their appeal bond.

Portrum and Snodgrass, JJ., concur.